UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARLES BOWES,  )
 )
    Plaintiff,  )
 )  Case No.: 4:23-cv-00974-CDP
v.  )
 )  Hon. Catherine D. Perry
CITY OF ST. LOUIS, MISSOURI, et al.,  )
 )
 )
 )
    Defendants.  )

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

1. **Defendant's Attempt to Use Power of Suggestion that TIA and Comity Always Prevails.**

Plaintiff offered substantial and compelling legal basis for the Court to hear this case; however, in their Reply, Defendant's council now emphatically insist that the Tax Injunction Act and principles of Comity always prevail, even over US Supreme Court decisions to the contrary. Defendant's Counsel repeatedly tells this Court that TIA and Comity "prohibit" it from taking this case. Their attempt to use the power of suggestion should be seen for what it is: manipulation to move this case to a venue more friendly to continuing the City's illegal practice of keeping Defendant's money in their coffer.  Plaintiff clearly 'walks the dog' as to why this Court is the proper venue for this case in his 8 July 2023 opposition to Defendant's motion.

2. **This Case Clearly Involves a Claim for a Refund.**

Plaintiff met all the legal requirement for this Court to hear his case by paying 100% of the tax owed to the City then exhausted the City's procedure for applying for a refund to no effect. Plaintiff clearly explained how and when he complied with the City's procedure in his First Complaint. This case must continue because the City uses its power to refuse refund of Plaintiff's money for his work performed outside the City by applying a rule it illegally made in violation of Missouri's Hancock Amendment. That rule "moved to goal posts" to such a distant extent that Plaintiff can never obtain the refund due without the declaratory and injunctive relief requested.

### 3. Plaintiff does request a refund, which requires the City to also change its form.

Anyone with common sense understands money paid to a municipality in excess of liability is not a tax so it must be refunded; however, Saint Louis City claims self-imposed powers that **exceed** its authority to "assess, levy and collect" in order to avoid paying the refund. Plaintiff has clearly and repeatedly explained how Saint Louis City is holding his money hostage, and will continue to refuse refund until compelled by this Court to change its refund form to the 2019 version. Furthermore, Plaintiff has a 2023 refund due that he cannot yet file until April 2024. If the City is only required to issue Plaintiff a refund then he must go through this legal process again to obtain subsequent refund.

## IV. Conclusion

For the foregoing reason, the Defendant's motion to dismiss should be denied.

Respectfully Submitted,

/s/ Charles Bowes

**CHARLES R. BOWES,
PLAINTIFF**

156 Summerlin Ridge, O'Fallon, Illinois 62269
Phone: (618) 791-7284
crbowes@yahoo.com

Dated: 8 Oct 2023