UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES ROBERT BOWES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23 CV 974 CDP |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Plaintiff Charles Robert Bowes is a nonresident of the City of St. Louis who was denied City earnings tax refunds for days he worked outside the City during tax years 2021 and 2022. Bowes claims that the City denied his requested refunds pursuant to a changed City policy without a change in law, in violation of his Fourteenth Amendment due process and equal protection rights and his Fourth Amendment right to be free from unreasonable seizures. He also claims that the City's retention of tax under the changed policy constitutes a new tax in violation of the Hancock Amendment to the Missouri Constitution. He brings this action under 42 U.S.C. § 1983 against defendants City of St. Louis and Gregory F.X. Daly, the City's Collector of Revenue, requesting $2426 in tax refunds and an Order directing Daly to amend the City's refund form to the version that was in effect in 2019.

I agree with Daly that the Tax Injunction Act and comity principles deprive this Court of subject-matter jurisdiction over Bowes' § 1983 claims. Without federal jurisdiction over those claims, I have no jurisdictional authority to consider Bowes' state-law Hancock Amendment claim. I will therefore grant Daly's motion to dismiss for lack of subject-matter jurisdiction and dismiss this case in its entirety without prejudice.

## The Tax Injunction Act

Under the Tax Injunction Act (TIA), the "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The purpose of the TIA is to prevent federal court intrusion into state tax collection, an area which deserves the utmost comity to state law and procedure. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981) ("This legislation . . . reflect[s] the fundamental principle of comity between the federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation."). *See also Midland States Bank v. Ygrene Energy Fund Inc.*, 564 F. Supp. 3d 805, 812-13 (E.D. Mo. 2021). The TIA also applies to taxes imposed by municipalities. *Id.* at 813. The TIA essentially transfers jurisdiction over a taxpayer's constitutional objections to the state courts. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 515 n.19 (1981);

*Diversified Ingredients, Inc. v. Testa*, 846 F.3d 994, 996 (8th Cir. 2017).

The term "assessment" in the TIA refers to "official recording of a taxpayer's liability" and the process by which that amount is calculated. *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 9 (2015). The term "levy" refers to "official governmental action imposing, determining the amount of, or securing payment on a tax." *Id.* at 10. The term "collection" refers to the act of "obtaining payment of taxes due," which may include "the receipt of a tax payment before a formal assessment occurs[.]" *Id.*; *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 429 (2010) (federal court order reducing party's state tax liability would contravene § 1341).

Under the TIA, federal district courts are barred from issuing injunctions enjoining the collection of state taxes and, further, are prohibited from issuing declaratory judgments holding state tax laws unconstitutional. *California v. Grace Brethren Church*, 457 U.S. 393, 407-08 (1982); *Marvin F. Poer & Co. v. Counties of Alameda*, 725 F.2d 1234, 1235 (9th Cir. 1984). The TIA also deprives federal district courts of jurisdiction over actions that seek state tax refunds or damages given that, in effect, the district court must first enter a declaratory judgment that the administration of the state tax system violated the taxpayer's constitutional rights. Such a declaratory judgment is barred under the TIA. *Fair Assessment*, 454 U.S. at 113; *see also Marvin F. Poer & Co.* 725 F.2d at 1236 (quoting *Fair*

*Assessment*, 454 U.S. at 114).

Here, Bowes claims that the City's tax scheme in denying refunds to taxpayers who do not live in the City and who also work outside the City violates his constitutional rights. As relief for the alleged constitutional violations, he requests a tax refund of $2426 (which he also characterizes as damages) and an injunction compelling the Collector, *i.e.*, Daly, to amend the City's E-1R Form used for requesting earnings tax refunds in relation to work performed outside the City.[1] These forms of relief "are precisely the kinds of relief barred by the [TIA]." *Loggins v. Hollins*, Case No. 4:21-CV-1139 RLW, 2021 WL 4804513, at *4 (E.D. Mo. Oct. 14, 2021) (quoting *Dillon v. Mississippi*, 376 F. App'x 421, 424 (5th Cir. 2010)). *Cf. Hibbs v. Winn*, 542 U.S. 88, 99 (2004) ("To determine whether this litigation falls within the TIA's prohibition, it is appropriate, first, to identify the relief sought."). For this Court to allow the relief Bowes seeks would undermine the purposes of TIA so long as state law provides a plain, speedy, and efficient remedy. As set out below, Missouri law does so.

"A state-court remedy is 'plain, speedy and efficient' only if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax[.]" *Burris v. City of Little*

---

[1] As relief for his state-law claim, Bowes requests a declaration that the City's conduct violates the Hancock Amendment.

*Rock*, 941 F.2d at 717, 720 (8th Cir. 1991) (citing *Grace Brethren Church*, 457 U.S. at 411). "The adequacy of the state remedy is measured according to procedural rather than substantive criteria. As long as the taxpayer's federal rights receive full consideration, the remedy is adequate." *Id.* (internal citations omitted).

Under Mo. Rev. Stat. § 139.031, aggrieved taxpayers can seek a refund of paid earnings tax, in whole or in part, and obtain state judicial review of their related constitutional claims.[2] Section 139.031.1 permits "any taxpayer" to protest "any current taxes" assessed against him, including by paying the taxes under protest and filing with the Collector a written statement of the grounds for protest. Section 139.031.2 directs the taxpayer-protester to then file a petition in the circuit court for recovery of the protested taxes. Finally, § 139.031.4 provides for trial in the circuit court for recovery of the taxes protested under the statute, stating in relevant part that "the court shall make such orders as may be just and equitable to refund to the taxpayer all or any part of the current taxes paid under protest."

Bowes argues that § 139.031 does not apply to him because payroll taxes withheld by his employer are not taxes "assessed" against him. In similar circumstances, however, the Missouri Court of Appeals has held that the statute indeed applies to employer-withheld taxes. *See Lett v. City of St. Louis*, 948

---

[2] Indeed, the same claims Bowes raises in this action are presently before the Missouri Court of Appeals in a putative class action case. *See Boles v. Daly*, Case No. ED111495, 2023 WL 6126198 (Mo. Ct. App. Aug. 29, 2023) (Brief of Respondents).

S.W.2d 614 (Mo. Ct. App. 1997). "The fact that the actual payment of the tax is often performed by the payroll department of an organization does not render employees helpless to protest" under the statute. *Id.* at 621. Although Bowes claims that he cannot protest the tax until the Controller denies a requested refund, I see nothing in the statute barring a taxpayer from filing a protest at that time.

Accordingly, Missouri law provides for a plain, speedy, and efficient remedy with all necessary judicial safeguards. This case therefore falls squarely within the purposes of the TIA. Bowes' proper course for relief is through state channels, and this Court should not interfere in the legitimate interests of the state and City in implementing their own tax system. Accordingly, Bowes' challenge to the constitutionality of the City's failure to refund his earnings tax must be dismissed as the TIA renders this Court without subject-matter jurisdiction to determine the claims.

### Comity Doctrine

Even if the TIA did not bar this action in federal district court, the principle of comity does. *Fair Assessment*, 454 U.S. at 107, 113-14 ("the very maintenance of the suit itself would intrude on the enforcement of the state scheme."). "[P]rinciples of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration." *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586 (1995). "The

comity doctrine is more embracive than the TIA." *Levin*, 560 U.S. at 424, 432 (noting that federal courts have flexibility in choosing among threshold grounds for dismissal; dismissing complaint about allegedly discriminatory state taxation under comity grounds). In short, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." *Fair Assessment*, 454 U.S. at 116.

Bowes' constitutional claims risk disrupting local tax administration and are better addressed in state court. *See Levin*, 560 U.S. at 417. Because Missouri provides a process to rectify what Bowes considers an unjust situation, and because he may assert a § 1983 claim in state court, comity considerations restrain this Court from entertaining the claims in this forum. *Id.* at 116-17.

Accordingly, the TIA and comity principles bar this Court from exercising subject-matter jurisdiction over Bowes' § 1983 claims challenging defendants' failure to refund his City earnings taxes. And the face of the complaint shows diversity jurisdiction to be lacking. Because I do not have original subject-matter jurisdiction over Bowes' § 1983 claims, I have no authority to exercise supplemental jurisdiction over his remaining state-law claim. *See Myers v. Richland Cnty.*, 429 F.3d 740, 749 (8th Cir. 2005). Nor is there any independent jurisdictional basis for me to consider the claim. I will therefore dismiss the complaint for lack of jurisdiction.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Gregory F.X. Daly's Motion to Dismiss [5] for lack of subject-matter jurisdiction is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice for lack of subject-matter jurisdiction.

An appropriate Order of Dismissal is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2023.